## CHESAPEAKE & POTOMAC TELEPHONE CO. v. DISTRICT OF COLUMBIA.

### No. 8390.

United States Court of Appeals for the District of Columbia.
Argued March 4, 1943.
Decided June 16, 1943.

Messrs. R. A. Van Orsdel and J. R. Coleman, Jr., both of Washington, D. C., for petitioner.

Messrs. Lloyd B. Harrison, Special Assistant Corporation Counsel, D. C., and Glenn Simmon, Assistant Corporation Counsel, D. C., both of Washington, D. C., with whom Messrs. Richmond B. Keech, Corporation Counsel, D. C., and Vernon E. West, Principal Assistant Corporation Counsel, D. C., both of Washington, D. C., were on the brief, for respondent.

Before PARKER, Circuit Judge, sitting by designation, and VINSON and EDGERTON, Associate Justices.

EDGERTON, Associate Justice.

One question here is whether petitioner is entitled to deduct from its gross receipts, in order to determine its "gross earnings" in 1939 and 1940 for purposes of taxation,[1] the amount which it paid for telephone directories. This included the cost of paper, printing, binding, and transportation. Petitioner does not ask to deduct the cost of selling directory advertising or of compiling and distributing the directories. It did not print the directories but bought them as finished products. Its gross receipts from directory advertising and sales were some $400,000 per year, and the costs which it seeks to deduct in computing its gross earnings were over $200,000 per year.

We think petitioner is entitled to this deduction. In District of Columbia v. Georgetown Gas Light Co.,[2] followed in District of Columbia v. Washington Gas Light Co.,[3] both of which cases were decided under this same statute, this court held that a public service company which furnishes a "tangible commodity * * * as an incident to the rendition of the services" may deduct from its gross receipts, in order to determine its gross earnings, the amount which it pays for the materials which go into the commodity. We see no reason for distinguishing the present case, in which it happens that the taxpayer buys the entire commodity which it furnishes instead of buying the materials in a more or less raw state and making the commodity. It does not follow, as respondent suggests, that petitioner might deduct the cost of its telephone instruments. Directories regularly lose their value, and are replaced, in a very few months. In substance, if not in the strictest sense, they are promptly consumed by the particular subscribers to whom they are furnished. For present purposes, therefore, they are rather like gas than like telephone instruments.

The gross earnings tax has now been replaced, under an Act of July 26,

---

[1] District of Columbia tax law of July 1, 1902, 32 Stat. 619, D.C.Code 1929, T. 20, § 760.

[2] 45 App.D.C. 63, 72.

[3] 45 App.D.C. 78, certiorari denied 241 U.S. 676, 36 S.Ct. 725, 60 L.Ed. 1232.

1939,[4] by a tax upon "gross receipts, from the sale of public utility commodities and services within the District of Columbia." Petitioner has no plant or facilities and performs no services outside the District. The second question here for review is whether the tax for 1941 applies to petitioner's receipts from "the sale of * * * services within the District" in the handling of inter-state calls, which services are necessarily performed in conjunction with services which connecting companies perform outside the District. This question must be answered in favor of respondent. Since all petitioner's services are performed within the District, its receipts from all its services are subject to the tax. In Pacific Express Co. v. Seibert,[5] on which petitioner relies, the statute spoke of "business done," not of "the sale of * * * services." Moreover, since it was a state statute, the Court necessarily construed it in the light of constitutional considerations which have no application here.

The Board of Tax Appeals for the District decided both questions in favor of respondent. The Board's action is therefore reversed as to the first question and affirmed as to the second question.

Affirmed in part, reversed in part.

VINSON, Associate Justice, took part in the consideration of this case and agreed in the result, but resigned before the opinion was written.

---

[4] 53 Stat. 1107, D.C.Code 1940, § 47—1701.

[5] 142 U.S. 339, 12 S.Ct. 250, 35 L.Ed. 1035.